# EXHIBIT 3

IN THE COURT OF COMMON PLEAS PORTAGE COUNTY, OHIO
GENERAL CIVIL DIVISION

JULIE MILLER and
MICHAEL MILLER
7845 State Route 303
Windham, Oh. 44288
*Plaintiffs,*

vs.

TRUSTMARK HEALTH BENEFITS, INC.
d.b.a. TRUSTMARK VOLUNTARY BENEFIT SOLUTIONS, PO Box 7937, 400 Field Dr.
Lake Forest, Illinois 60045-7937
and
GENERAL ALUMINUM MFG. CO.
℅ CORPORATION SERVICE COMPANY
3366 RIVERSIDE DRIVE, SUITE 103
UPPER ARLINGTON OH 43221

and

JOHN or JANE DOE
UNKNOWN

*Defendants.*

Case No. 2022CV00616

JUDGE

JUDGE BECKY L. DOHERTY

FILED
COURT OF COMMON PLEAS
AUG 25 2022
JILL FANKHAUSER, Clerk
PORTAGE COUNTY, OH

**COMPLAINT FOR BAD FAITH DENIAL OF LIFE INSURANCE BENEFITS TO BENEFICIARIES, WITH CLAIM FOR COMPENSATORY AND PUNITIVE DAMAGES, PLUS ATTORNEY FEES & COSTS**

*TRIAL BY JURY DEMANDED*

H. ---------- OTHER CIVIL

---

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs JULIE MILLER and MICHAEL MILLER, Wife and Husband and natural parents of Decedent, Eliot Miller and are the named insurance policy beneficiaries, in the subject lawsuit.

2. Plaintiffs reside at 7845 State Route 303, Freedom Township, County of Portage, and State of Ohio.

3. ELIOT MILLER, Decedent, resided at 356 North Walnut Street, City of Ravenna, County of Portage, and State of Ohio.

Louis R. Bertrand • Attorney at Law • License No: 0018122

409 South Prospect Street • P.O. Box 268 • Ravenna, OH 44266 • Phone: (330) 296-2811 • Toll Free: (800) 926-2833 • Fax: (330) 297-6597 • E-mail: lawyer@portagelaw.com

4. PLAINTIFFS Julie and Michael Miller are defined as policy beneficiaries pursuant to O.R.C. §3902.11 and O.R.C. §3901.38.

5. ELIOT MILLER, Deceased was and is defined as policy owner pursuant to O.R.C. §5111.81.

6. DEFENDANT TRUSTMARK HEALTH BENEFITS, INC. d.b.a. TRUSTMARK VOLUNTARY BENEFIT SOLUTIONS is defined as a "company" or "insurer" pursuant to O.R.C. §3902.02 and is a Corporation doing business in the State of Ohio and selling accident, health and life insurance to Ohio consumers and specifically to employees of Defendant, GENERAL ALUMINUM MFG. CO. at 5159 South Prospect Street, Ravenna, OH 44266, hereinafter referred to as "GENERAL ALUMINUM".



7. ELIOT MILLER an employee of GENERAL ALUMINUM in Portage County, Ohio contracted with representatives of Defendant TRUSTMARK HEALTH BENEFITS, INC. d.b.a. TRUSTMARK VOLUNTARY BENEFIT SOLUTIONS hereinafter referred to as *"TRUSTMARK"* to purchase several insurance policies, namely: unknown, JMB3RJ, and JNV1YW and other sundry insurance policies from insurance agents Defendants JOHN OR JANE DOE unknown to these Plaintiffs.

8. Said ELIOT MILLER in Portage County, Ohio was at all times and dates herein employed by DEFENDANT, GENERAL ALUMINUM.

## COUNT I

9. Now come Plaintiffs JULIE MILLER and MICHAEL MILLER, Wife and Husband and for their cause of action state that they were and at all times here and after beneficiaries of certain insurance policies, unknown and known as JMB3RJ and JNV1YW, provided by Defendant TRUSTMARK and other sundry insurance policies from insurance agents Defendants JOHN OR JANE DOE unknown to these Plaintiffs. as set forth above.

10. Plaintiffs believe that their adult son ELIOT MILLER while employed by DEFENDANT GENERAL ALUMINUM applied for and deducted from his payroll, premium payments and was insured by several separate life insurance policies the exact number of policies and dates are unknown to Plaintiffs. Plaintiffs believe and therefore aver that they were beneficiaries listed as ELIOT MILLER'S parents, Plaintiffs JULIE MILLER and MICHAEL MILLER, Wife and Husband.

11. Plaintiffs aver that Defendant GENERAL ALUMINUM brought and sponsored agents/representatives of TRUSTMARK onto GENERAL ALUMINUM'S plant property and represented that Defendant TRUSTMARK was a benefit of Defendant GENERAL ALUMINUM'S employees and as such was a sponsor of the following, to wit:

    a. Policy JMB3RJ the beneficiaries were listed as ELIOT MILLER'S parents, Plaintiffs.

    b. Policy JNV1YW beneficiaries were listed as his parents, Plaintiffs.

    c. There are other Life Insurance policies in which the beneficiaries were listed as parents of ELIOT MILLER, Plaintiffs which number are unknown by these Plaintiffs.

12. Plaintiffs' son, ELIOT MILLER, died by his own hand on December 3, 2020.

13. Through legal counsel Plaintiffs again further contacted Defendant TRUSTMARK on August 26, 2021 to request payment or reason for a denial of the policies.

14. Defendant TRUSTMARK responded in two letters, one regarding each of the latter policies, both dated September 16, 2021 that each stated that the Company would *"limit the Death Benefit Proceeds to the premiums paid less any loans and less any partial surrenders paid"* due to the fact that decedent's death had been a suicide within two years of the Certificate Date.

15. The two letters are substantially similar with most differences attributable to the differences between the policy numbers, payment amounts, and effective dates.

16. The letter regarding policy JNV1YW includes a sentence at the beginning of the second paragraph stating that "*Mr. Miller applied for this policy on September 20, 2019.*"

17. The letter regarding policy JMB3RJ does not include any sentence regarding the application date of the policy.

18. The policy paperwork for JMB3RJ reflects that the Deceased Eliot Miller applied for that policy and TRUSTMARK began accepted premium payments in October of 2018.

19. Defendant TRUSTMARK intentionally omitted reference to the latter policies when paying the first two policies in a bad faith attempt to avoid paying death benefits for those policies.

20. Defendant TRUSTMARK intentionally omitted reference to the application date of policy JMB3RJ in a bad faith attempt to avoid paying death benefits for that policy. Plaintiffs aver that there may be other life insurance policies the number and amout are unknown tho these Plaintiffs.

Wherefor Plaintiffs demand the following:

(A) Pursuant to **COLLISTER -V- NATIONWIDE INSURANCE COMPANY** (1978) 388 A. 2d 1346, 479 Pa. 579, cert. denied 439 U.S. 1089 that this Court find that any and all ELIOT MILLER'S life insurance policies WERE EFFECTIVE AS OF THE DATE OF FIRST PAYMENT OF PREMIUMS.

(B) That Defendant GENERAL ALUMINUM as sponsor and agent of Defendant TRUSTMARK and Defendant TRUSTMARK have jointly breached the implied covenant of good faith and fair dealing by failing to pay Plaintiffs proceeds as beneficiaries in all ELIOT MILLER'S life policies because a fiduciary relationship exists in the context of insurance contracts, the insurer and Defendant employer GENERAL ALUMINUM MFG. CO

as sponsor of Defendant TRUSTMARK'S life polices have a duty to act in good faith in handling the claims of the insured.

(C) Defendant TRUSTMARK intentionally omitted reference to the application date of policy or policies in a bad faith attempt to avoid paying death benefits for that policy. Plaintiffs demand that the Jury and or court make such a finding and assess compensatory, punitive damages plus attorney fees and costs for their intentional, fraudulent of representatives of Defendant TRUSTMARK and that DEFENDANT GENERAL ALUMINUM as sponsor and agent of Defendant TRUSTMARK'S fraud and deceit insurance together with agents Defendants JOHN OR JANE DOE unknown to these Plaintiffs be held jointly and severally liable for actions of their principle.

PURSUANT TO CIVIL RULE 38 TRIAL BY JURY DEMANDED BY PLAINTIFFS

Respectfully submitted,

MEREDITH Y. SIMMONS (0092749)
TRIAL COUNSEL FOR PLAINTIFFS, Julie and Michael Miller
409 South Prospect Street, P.O. Box 550
Ravenna, Ohio 44266
Voice: (330) 708-7590
FAX: (330) 961-1915
meredith.simmons.law@gmail.com

LOU BERTRAND (0018122)
TRIAL CO-COUNSEL FOR PLAINTIFFS
409 South Prospect Street, P.O. Box 550
Ravenna, Ohio 44266
Voice: (330) 296-2811
FAX: (330) 297-6597
lawyer@portagelaw.com